# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

CURT MCLELLAN,

    Petitioner,

v.

RENEE BAKER, et al.,

    Respondents.

Case No. 2:16-cv-03038-JCM-CWH

**ORDER**

Before the court are the petition for a writ of habeas corpus (ECF No. 1), respondents' motion to dismiss (ECF No. 7), petitioner's opposition (ECF No. 11), and respondents' reply (ECF No. 14). The court finds that petitioner has not exhausted ground E, and the court grants respondents' motion in part.

**Exhaustion**

Before a federal court may consider a petition for a writ of habeas corpus, the petitioner must exhaust the remedies available in state court. 28 U.S.C. § 2254(b). To exhaust a ground for relief, a petitioner must fairly present that ground to the state's highest court, describing the operative facts and legal theory, and give that court the opportunity to address and resolve the ground. See Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam); Anderson v. Harless, 459 U.S. 4, 6 (1982).

///

1

"[A] petitioner for habeas corpus relief under 28 U.S.C. § 2254 exhausts available state remedies only if he characterized the claims he raised in state proceedings <u>specifically</u> as federal claims. In short, the petitioner must have either referenced specific provisions of the federal constitution or statutes or cited to federal case law." <u>Lyons v. Crawford</u>, 232 F.3d 666, 670 (9th Cir. 2000) (emphasis in original), <u>amended</u>, 247 F.3d 904 (9th Cir. 2001). Citation to state case law that applies federal constitutional principles will also suffice. <u>Peterson v. Lampert</u>, 319 F.3d 1153, 1158 (9th Cir. 2003) (<u>en banc</u>). "The mere similarity between a claim of state and federal error is insufficient to establish exhaustion. Moreover, general appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion." <u>Hiivala v. Wood</u>, 195 F.3d 1098, 1106 (9th Cir. 1999) (citations omitted).

With two exceptions, respondents argue that grounds are not exhausted because petitioner has alleged facts in the current federal petition that he did not allege either on direct appeal or in post-conviction proceedings. The court has reviewed all the relevant documents. In all of the grounds challenged, the court finds that the additional facts do not fundamentally alter the claims from what petitioner has presented in state court.

The first exception is ground A(2), which respondents concede in their reply is exhausted. ECF No. 14, at 3.

The second exception is ground E, a claim of cumulative error. In petitioner's direct appeal, he presented a claim that the cumulative effect of all the trial-court errors required a new trial. Ex. X, at 18 (ECF No. 1-5, at 23). In petitioner's appeal from the denial of his state post-conviction habeas corpus petition, he presented a claim that the cumulative effect of the errors of trial counsel and appellate counsel required a new trial. Ex. JJ, at 58-61 (ECF No. 1-7, at 85-88). Now, petitioner argues that the cumulative effect of both trial-court errors and ineffective assistance of counsel warrants a new trial. ECF No. 1, at 68. The Nevada Supreme Court never has had a single opportunity to consider the cumulative effect of all the errors that petitioner now alleges. Under these circumstances, ground E is not exhausted. The court also will not consider ground E as separate claims of cumulative error that mirror what the Nevada Supreme Court considered; it would amount to the court re-writing the petition.

## Redundancy

Respondents argue that parts of ground D duplicate other parts of ground D. If respondents are correct, then they can answer those parts all at once. The court will not dismiss any grounds that might be redundant.

## Conclusory Claims

Respondents argue that some claims are conclusory. This is an issue that respondents need to address in their answer.

## Non-Cognizable Claims

Respondents argue that ground A is not cognizable because the Supreme Court of the United States has not clearly established whether prior-bad-act evidence may be admitted. This is a matter that respondents need to address in their answer.

Respondents argue that ground B is not cognizable because petitioner cites state law. Petitioner alleges at the outset that ground B is a claim of prosecutorial misconduct in violation of the Constitution of the United States. That allegation sufficient for the claim to be addressable in federal habeas corpus.

Respondents argue that ground D(10)(i) is not cognizable. Ground D contains 10 parts. Parts 1 through 9 contain claims of ineffective assistance of counsel. Part 10 is titled, "This Court Should Grant No Deference To The District Court's Findings." It contains no allegations of ineffective assistance of counsel. Instead, it is an argument, as the title indicates, why the court should not defer to the findings in the state-court post-conviction proceedings. Part 10(i) is not a claim for relief, and the court will not dismiss it.

## Conclusion

The petition (ECF No. 1) is mixed, containing both claims exhausted in state court and claims not exhausted in state court, and it is subject to dismissal. See Rose v. Lundy, 455 U.S. 509, 521-22 (1982); Szeto v. Rushen, 709 F.2d 1340, 1341 (9th Cir. 1983).

IT THEREFORE IS ORDERED that respondents' motion to dismiss (ECF No. 7) is **GRANTED** in part. Ground E is unexhausted.

///

1     IT FURTHER IS ORDERED that petitioner shall have thirty (30) days from the date of entry of this order to file a motion for dismissal without prejudice of the entire petition, for partial dismissal of ground E, or for other appropriate relief. Within ten (10) days of filing such motion, petitioner must file a signed declaration under penalty of perjury pursuant to 28 U.S.C. § 1746 that he has conferred with his counsel in this matter regarding his options, that he has read the motion, and that he has authorized that the relief sought therein be requested. Failure to comply with this order will result in the dismissal of this action.

DATED: August 23, 2018.

_____
JAMES C. MAHAN
United States District Judge