UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CURT MCLELLAN, | Case No. 2:16-cv-03038-JCM-CWH |
| Petitioner, | **ORDER** |
| v. | |
| RENEE BAKER, et al., | |
| Respondents. | |

**I.    Introduction**

This is a closed, counseled habeas corpus action under 28 U.S.C. § 2254. Currently before the court are two motions. First is petitioner's motion to reopen habeas corpus proceedings (ECF No. 18), to which respondents have filed an opposition (ECF No. 21) and petitioner has filed a reply (ECF No. 24). Second is petitioner's motion for stay and abeyance of exhausted claims (ECF No. 19), and the court has ordered (ECF No. 23) that respondents need not respond to it until the court has resolved the motion to reopen. The court finds that petitioner has not demonstrated the extraordinary circumstances necessary to grant him relief under Rule 60(b)(6) of the Federal Rules of Civil Procedure. The court denies the motion to reopen. The court denies the motion for stay and abeyance because the court is not granting petitioner relief from the judgment.

## II. Background

Petitioner commenced this action on December 30, 2016, with a counseled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. The court directed respondents to file a response to the petition. ECF No. 2. Respondents filed a motion to dismiss on September 7, 2017. ECF No. 7. Petitioner filed an opposition on December 20, 2017. ECF No. 11. Respondents filed a reply on January 26, 2018. ECF No. 14. On August 23, 2018, the court granted the motion to dismiss in part, finding that petitioner had not exhausted ground E of the petition. ECF No. 15. The court gave petitioner thirty days to move to dismiss the entire petition, to move to dismiss the unexhausted ground, or to file a motion for other relief. Id. If petitioner did nothing, then the court would dismiss the action. Id. Petitioner did nothing. On November 14, the court dismissed the action without prejudice. ECF No. 16.

Petitioner states that he has filed another post-conviction habeas corpus petition in the state courts. Respondents respond that petitioner has not provided a copy of that petition, and they could find none in the on-line records of the state courts. ECF No. 21 at 4. The court agrees with respondents. The court also has searched the on-line records of the Eighth Judicial District Court of the State of Nevada[1] and the Nevada Supreme Court.[2] The court could find no new state post-conviction habeas corpus petition.

## III. Discussion

Petitioner originally based his motion to reopen upon Rule 60(b)(1) and 60(b)(6) of the Federal Rules of Civil Procedure. Rule 60(b)(1) allows the court to grant relief from the judgment because of "mistake, inadvertence, surprise, or excusable neglect." Under Rule 60(c)(1), petitioner needed to file a Rule 60(b)(1) motion within a reasonable time and not more than a year after entry of the judgment, which he did not. Petitioner concedes that the motion under Rule 60(b)(1) is untimely. ECF No. 24 at 2. His argument under Rule 60(b)(6) remains.

---

[1] https://www.clarkcountycourts.us/Portal/Home/Dashboard/29 (search conducted April 1, 2020). Even though petitioner might not be incarcerated in the Eighth Judicial District, he was convicted in that court, and the venue for any post-conviction petition that challenges the validity of the judgment of conviction is that court. Nev. Rev. Stat. § 34.738(1).

[2] http://caseinfo.nvsupremecourt.us/public/publicActorSearch.do (search conducted April 1, 2020).

**A. Petitioner has not demonstrated extraordinary circumstances for relief under Rule 60(b)(6).**

Rule 60(b)(6) allows the court to grant relief from the judgment because of "any other reason that justifies relief." Under Rule 60(c)(1), petitioner needs to file a Rule 60(b)(6) motion within a reasonable time after entry of the judgment. "A movant seeking relief under Rule 60(b)(6) must show '"extraordinary circumstances" justifying the reopening of a final judgment.' Such circumstances 'rarely occur in the habeas context.'" Jones v. Ryan, 733 F.3d 825, 833 (9th Cir. 2013) (citations omitted).

Petitioner's motion to reopen is lacking any explanation of extraordinary circumstances that could justify relief from the judgment. The court did nothing extraordinary in dismissing this action. The court found that petitioner had not exhausted his state-court remedies for one claim. ECF No. 15 at 2. The court informed petitioner that a mixed petition, containing both exhausted and unexhausted claims, is subject to dismissal. Id. at 3. See also Rose v. Lundy, 455 U.S. 509, 521-22 (1982); Szeto v. Rushen, 709 F.2d 1340, 1341 (9th Cir. 1983). The court informed petitioner of his choices. He could dismiss the unexhausted claim, he could dismiss the whole action, or he could move for other relief. The court informed petitioner that if he did nothing within the allotted time, then the court would dismiss the action. ECF No. 15 at 4. The court does the same thing for every habeas corpus action that has both exhausted claims and unexhausted claims. When petitioner did nothing in response to that order, the court did the only thing that it could do under Rose v. Lundy: The court dismissed the action. In other words, the court did nothing extraordinary in this action.

There the matter stood. The time to move to alter or amend the judgment expired. See Fed. R. Civ. P. 59(e). The time to appeal expired. See Fed. R. App. P. 4(a)(1)(A). The time to move for an extension of the time to appeal expired. See Fed. R. App. P. 4(a)(5). The time to move for a reopening of the time to appeal expired. See Fed. R. App. P. 4(a)(6). The time to move for relief from the judgment under Rules 60(b)(1), (2), and (3) expired. See Fed. R. Civ. P. 60(c)(1). In the ordinary course of judicial business, this action was closed, with a final judgment, for more than fifteen months before petitioner filed his motion to reopen.

3

The court has checked its notices of electronic filing for the order granting in part the motion to dismiss (ECF No. 15), the order dismissing the action (ECF No. 16), and the judgment (ECF No. 17). The court sent all three notices of electronic filing to counsel for petitioner at counsel's email addresses of record. The court did not fail to provide petitioner with notice of either the decision on the motion to dismiss or the dismissal of the action. Petitioner's attachment of the court's orders reinforces this conclusion. ECF No. 18-1 at 101-08.

Petitioner claims that he "was unable to proceed with his defense in a proper fashion," and that "his default resulted, not from a lack of meritorious claims, but for procedural circumstances beyond his control." ECF No. 18 at 8, 9. First, the court did not enter a default judgment, as the term is understood in Rule 55 of the Federal Rules of Civil Procedure. Because petitioner did not respond to the court's order, the court dismissed the action for failure to exhaust his state-court remedies. ECF No. 16. Second, petitioner has not explained how he was unable to proceed with his defense or how the dismissal of this action was beyond his control. Third, petitioner has not explained why he waited more than fifteen months to file the motion to reopen. As explained above, the court gave petitioner the opportunity to decide what to do with the unexhausted claim. Post-judgment, he could have sought relief from or appellate review of the judgment. He did not take any of these opportunities, and he does not tell the court why. The court concludes that petitioner has not filed his motion to reopen within a reasonable time under Rule 60(c)(1) and that petitioner has not demonstrated the extraordinary circumstances for relief from the judgment under Rule 60(b)(6).

**B. The court denies the motion for stay and abeyance**

The court told respondents that they need not respond to the motion for stay and abeyance (ECF No. 19), until after the court rules on the motion to reopen (ECF No. 18), if necessary. The court has reviewed the motion for stay and abeyance in case petitioner provided the explanations lacking in the motion to reopen. The motion for stay and abeyance also is lacking in any explanation of extraordinary circumstances or why petitioner waited so long.

The motion for stay and abeyance raises even more questions. Petitioner seeks a stay of this action while he exhausts his claim in state court under Rhines v. Weber, 544 U.S. 269 (2005).

4

This was one of the possibilities under the order directing petitioner to choose what to do with the unexhausted ground. Rhines was more than ten years old when the court granted the motion to dismiss in part. It is not new law that petitioner could not have known about when the court granted in part the motion to dismiss. In either the motion to reopen or the motion for stay and abeyance, petitioner does not explain why he could not timely file the motion for stay and abeyance after the court granted the motion to dismiss in part.

Respondents will not need to respond to the motion for stay and abeyance. The court will deny that motion because it is denying the motion to reopen the action.

**C.  A new habeas corpus action will not be second or successive, but timeliness might be an issue**

The court needs to correct one statement by respondents. They argue that petitioner can move in the Ninth Circuit for authorization to file a second or successive petition under 28 U.S.C. § 2244(b). That is incorrect. "A petition filed after a mixed petition has been dismissed under Rose v. Lundy before the district court adjudicated any claims is to be treated as 'any other first petition' and is not a second or successive petition." Slack v. McDaniel, 529 U.S. 473, 487 (2000). Petitioner does not need authorization from the Ninth Circuit before he files another petition in this court. However as the court noted in the order dismissing this action, the court makes no statement whether any such petition would be timely under 28 U.S.C. § 2244(d)(1). ECF No. 16.

**D.  The court will not issue a certificate of appealability**

Reasonable jurists would not find the court's decision to be debatable or wrong, and the court will not issue a certificate of appealability for the denial of the motion to reopen.

**IV.  Conclusion**

IT THEREFORE IS ORDERED that petitioner's motion to reopen habeas corpus proceedings (ECF No. 18) is **DENIED**.

IT FURTHER IS ORDERED that petitioner's motion for stay and abeyance (ECF No. 19) is **DENIED**.

///

IT FURTHER IS ORDERED that a certificate of appealability will not issue.

DATED: April 10, 2020.

_____
JAMES C. MAHAN
United States District Judge